Filed 7/19/21  P. v. Dixon CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>ARCHIE PERNELL DIXON,<br><br>  Defendant and Appellant. | B307528<br>(Los Angeles County<br> Super. Ct. No. BA128574) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert J. Perry, Judge.  Affirmed.

Alan Siraco, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Matthew Rodriquez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, and Idan Ivri and Gary A. Lieberman, Deputy Attorneys General, for Plaintiff and Respondent.

This appeal lies from the trial court's summary denial of defendant and appellant Archie Pernell Dixon's second petition for resentencing under Penal Code section 1170.95.[1]

In 1997, a jury convicted appellant of first degree murder (§ 187, subd. (a), count 1), robbery (§ 211, count 2), and attempted murder (§ 664/187, subd. (a), count 3). The jury found true that the murder was committed during the commission of a robbery (§ 190.2, subd. (a)(17)), and that a principal was armed with a firearm during the murder, robbery, and attempted murder (former § 12022, subd. (a)(1)). The jury also found that the attempted murder was willful, deliberate, and premeditated (§ 664/187, subd. (a)). Appellant was sentenced to life without the possibility of parole (LWOP) plus one year for murder on count 1, and a consecutive term of life imprisonment for attempted premeditated murder on count 3 (the court stayed appellant's sentence for robbery on count 2).

We affirmed appellant's conviction in 1999. (*People v. Dixon* (Feb. 24, 1999, B113489 [nonpub. opn.] (*Dixon I*).)[2]

In 2018, the trial court granted appellant's petition for writ of habeas corpus on the robbery-murder special circumstance (*People v. Banks* (2015) 61 Cal.4th 788), struck the LWOP sentence on count 1,

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     We grant appellant's request to take judicial notice of our prior opinion in *Dixon I*.

and resentenced appellant to 25 years. The court maintained the same sentences it had imposed on counts 2 and 3.

In 2019, appellant filed his first petition for resentencing under section 1170.95. Section 1170.95 provides that persons who were convicted under theories of felony murder or murder under the natural and probable consequences doctrine, and who could no longer be convicted of murder following the enactment of Senate Bill No. 1437 (S.B. 1437), may petition the sentencing court to vacate the conviction and resentence on any remaining counts. (Stats. 2018, ch. 1015, § 1, subd. (f).) Appellant's first petition requested that the court vacate his first degree murder conviction. Over the People's objection, the trial court granted the petition and struck appellant's sentence on count 1. The court re-imposed a life imprisonment sentence for attempted premeditated murder on count 3, and sentenced appellant to a consecutive term of 10 years for robbery on count 2.

Appellant filed his second section 1170.95 petition on May 23, 2020, this time seeking resentencing on his attempted murder conviction. Attached to the petition was a handwritten letter in which appellant claimed he was "now able to receive relief on [his] charge of attempted murder . . . under the natural and probable consequences

doctrine" in light of *People v. Medrano* (2019) 42 Cal.App.5th 1001, review granted March 11, 2020, S259948 (*Medrano*).[3]

Prior to appointing counsel, on July 6, 2020, the trial court summarily denied appellant's second petition. The court reasoned that *Medrano* and *Lopez* clarified that S.B. 1437 does not provide relief for persons convicted of attempted murder.

In this appeal, appellant contends that that S.B. 1437 abrogated the natural and probable consequences doctrine as it applies to murder *and* attempted murder. He asserts that he is entitled to the ameliorative provisions in S.B. 1437 and section 1170.95 because he could have been convicted of aiding and abetting attempted murder under the natural and probable consequences doctrine.

Appellant has not provided this court with a record from which we may determine whether he was tried or convicted of attempted murder under the natural and probable consequences doctrine. In any event, consistent with our prior decisions on this issue, we conclude that

---

[3] The Supreme Court granted review in *Medrano* and deferred further action pending consideration and disposition of related issues in *People v. Lopez* (2019) 38 Cal.App.5th 1087, review granted November 13, 2019, S258175 (*Lopez*). The Court's review of *Lopez* is limited to the following: "(1) Does Senate Bill No. 1437 (Stats. 2018, ch. 1015) apply to attempted murder liability under the natural and probable consequences doctrine? (2) In order to convict an aider and abettor of attempted willful, deliberate and premeditated murder under the natural and probable consequences doctrine, must a premeditated attempt to murder have been a natural and probable consequence of the target offense?" (*Ibid.*)

section 1170.95 may not be used to obtain resentencing on already-final attempted murder convictions.[4]  We affirm.

## BACKGROUND[5]

On March 23, 1995, police officers found a man and woman lying on the living room floor of a Lancaster home.  The man was dead; the woman was barely alive, gagged, bound, and covered in blood.  Paramedics transported the woman to a nearby hospital where she lay in a coma for weeks.  Every room of the home had been ransacked.

During an interview with officers, appellant stated that he, Kevin Simmons, and Robert Adams went to the home to steal marijuana.  When all three individuals entered the house, Simmons held the male victim at gunpoint.  As instructed by Simmons, appellant assisted in binding the man with a telephone extension cord before searching the house for marijuana.  Appellant took the marijuana and money that he had found to one of the victim's cars and waited.

After some time passed, appellant returned to the house to discover Adams pouring alcohol on the man while Simmons beat him over the head with a dumbbell.  Appellant believed Simmons and Adams were going to set the house on fire.  Simmons and Adams began kicking and beating the woman, at which point Adams tried to give

---

[4].    In light of our conclusion, we do not consider the Attorney General's alternative contention that defendant's second petition for resentencing was barred under principles of collateral estoppel.

[5]    We recite the factual background from our opinion in *Dixon I*.

appellant a gun. Appellant refused to take the gun out of concern that he would be told to shoot the victims. Appellant told Adams he was going to return to the car with more stolen items. Afterward, appellant saw the living room engulfed in flames. Simmons and Adams came to the car, and all three left the crime scene.

## DISCUSSION

1. *Governing Law: S.B. 1437 and Section 1170.95*

The legislature enacted S.B. 1437 "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); accord, § 189, subd. (e).)

S.B. 1437 also "added a crucial limitation to section 188's definition of malice for purposes of the crime of murder." (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 326 (*Verdugo*), rev. granted, S260493, Mar. 18, 2020.) Under the revised section 188, subdivision (a)(3), "'[m]alice shall not be imputed to a person based solely on his or her participation in a crime.' [Citations.]" (*People v. Lewis* (2020) 43 Cal.App.5th 1128, 1135, rev. granted, S260598, Mar. 18, 2020.)

Section 1170.95, as enacted by S.B. 1437, permits individuals who were convicted of felony murder or murder under the natural and probable consequences doctrine, but who could not be convicted of murder following S.B. 1437's changes to sections 188 and 189, to

6

petition the sentencing court to vacate the conviction and resentence on any remaining counts.  (§ 1170.95, subd. (a).)  A petition for relief under section 1170.95 must include a declaration by the petitioner that he is eligible for relief under section 1170.95 based on all the requirements of subdivision (a), the superior court case number and year of the petitioner's conviction, and a request for appointment of counsel, should the petitioner seek appointment.  (§ 1170.95, subd. (b)(2).)

Subdivision (c) of section 1170.95 provides "a two-step process" for the court to determine if it should appoint counsel and issue an order to show cause.  (*Verdugo, supra,* 44 Cal.App.5th at p. 327.)  The court first "review[s] the petition and determine[s] if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section."  (§ 1170.95, subd. (c).)  The petitioner makes a prima facie showing so long as the assertions in his or her petition are not conclusively refuted by facts in the record of conviction as a matter of law.  (*Verdugo*, *supra*, at p. 327; see *People v. Drayton* (2020) 47 Cal.App.5th 965, 968, 980; see also *People v. Duchine* (2021) 60 Cal.App.5th 798; but see *People v. Garcia* (2020) 57 Cal.App.5th 100, 116, rev. granted, Feb. 10, 2021, S265692.)

2.    *Analysis*

Appellant contends that the trial court erred by denying his petition without appointing him counsel.  He asserts the ameliorative provisions of S.B. 1437 and the petitioning procedures in section 1170.95 apply to attempted murder convictions based on the natural

7

and probable consequences doctrine, a theory on which he contends his conviction could have been based.

Appellant has furnished this court no argument or record to demonstrate that he was tried and convicted of attempted murder under the natural and probable consequences doctrine. (See *People v. Whalen* (2013) 56 Cal.4th 1, 84–85 (*Whalen*), disapproved on other grounds in *People v. Romero and Self* (2015) 62 Cal.4th 1, 44, fn. 17; see also *People v. Mayfield* (1993) 5 Cal.4th 142, 196.)[6] Without supplying "a record adequate to review this claim," appellant's claim fails. (*Whalen, supra,* at p. 85.)

Even assuming that the jury was instructed on the natural and probable consequences doctrine as it applies to attempted murder, appellant still is ineligible for relief as a matter of law. By its plain language (our starting point for any statutory interpretation), section 1170.95 applies only to murder convictions. (See § 1170.95, subd. (a); see also *People v. Gonzales* (2018) 6 Cal.5th 44, 50.) To establish entitlement to relief, a petitioner must show he or she was charged with "murder"; was convicted of "first degree or second degree murder"; and could not have been convicted of "first or second degree murder" due to changes to sections 188 or 189 wrought by S.B. 1437. (§ 1170.95, subd. (a).)

---

[6]     Appellant checked off boxes on a pre-printed form that makes no reference to a conviction for attempted murder. Appellant's handwritten request, despite referencing the natural and probable consequences doctrine, does not allege that appellant was convicted under such a theory for attempted murder.

All of the cases that have considered whether section 1170.95 provides relief for those convicted of attempted murder have either categorically excluded such convictions from consideration (e.g., *People v. Love* (2020) 55 Cal.App.5th 273, 279, rev. granted Dec. 16, 2020, S265445; *People v. Munoz* (2019) 39 Cal.App.5th 738, 753–760, rev. granted Nov. 26, 2019, S258234; *Lopez, supra*, 38 Cal.App.4th at pp. 1103–1110), or have held that section 1170.95 provides no relief for such convictions that are already final (*People v. Sanchez* (2020) 46 Cal.App.5th 637, 642–644, rev. granted June 10, 2020, S261768; *Medrano, supra*, 42 Cal.App.5th at p. 1019; *People v. Larios* (2019) 42 Cal.App.5th 956, 969–970, rev. granted Feb. 26, 2020, S259983.)  Under either basis, appellant's attempted murder conviction is not eligible for resentencing under section 1170.95.  Appellant's direct appeal concluded decades ago, and was final long before the enactment of S.B. 1437.  (See *People v. Vieira* (2005) 35 Cal.4th 264, 306; Rules of the United States Supreme Court, Rule 13(1); Cal. Rules of Court, rules 8.500(e), 8.366(b).)

We adhere to the foregoing cases and conclude that section 1170.95 provides no relief to defendants like appellant whose attempted murder convictions were final prior to S.B. 1437's enactment.  Therefore, the court did not err by summarily denying his petition for resentencing.

//

//

9

# DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, Acting P. J.

We concur:


COLLINS, J.


CURREY, J.